IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


LARRY C. GRAY,
      Plaintiff,


v.                               Case No.:  3:08cv413/LAC/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
      Defendant.
_____/


## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this action under the Social Security Act to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for benefits (*see* Doc. 1).  Now before the court is the Commissioner's Motion to Remand pursuant to sentence six of 42 U.S.C. § 405(g) (Doc. 15), and Plaintiff's response in opposition thereto (Doc. 18; *see also* Docket Entry 19).[1]

In relevant part, sentence six provides:

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g).  *See also* Melkonyan v. Sullivan, 501 U.S. 89, 100, 111 S. Ct. 2157, 115 L. Ed.

---

[1]The undersigned previously issued a Report and Recommendation (R & R) regarding the instant motion to remand, recommending that the motion be granted and stating that Plaintiff had no objection to the motion (*see* Doc. 16). The Commissioner's motion, however, states that Plaintiff indeed objects to the relief requested in the motion (*see* Doc. 15). Thus, because the R & R inadvertently misstated Plaintiff's position on the motion, the R & R was vacated, and Plaintiff was provided with an opportunity to respond to the Commissioner's motion (*see* Doc. 17).

2d 78 (1991) (explaining the difference between sentence four and sentence six remands under 42 U.S.C. § 405(g)). Thus, sentence six remands may be granted on the Commissioner's motion before an answer is filed for good cause or, alternatively, upon a showing that there is new, material evidence and good cause for the failure to incorporate such evidence into the record.

In the instant case, the Commissioner has not yet filed an answer and seeks remand to the Appeals Council "to further develop the record regarding Plaintiff's work activity to determine which jobs were performed at the substantial gainful activity (SGA) level" (Doc. 15, Memorandum in Support). The Commissioner additionally states that the "ALJ will also obtain supplemental vocational expert testimony at step five of the sequential evaluation in order to determine whether Plaintiff has transferable skills to sedentary work" (*id.*). In opposing the Commissioner's motion, Plaintiff states: "The defendants have already had three years to consider Plaintiff's case. All they did was denied and denied Plaintiff [sic]. Plaintiff would like for the Court to rule in this case." (Doc. 18; *see also* Docket Entry 19).

Upon review of the pleadings, the undersigned concludes that Defendant has shown "good cause" for the requested remand. *See, e.g.*, Easterwood v. Barnhart, 338 F. Supp. 2d 1245, 1247 (D. Kan. 2004) (good cause for sentence six remand shown where Commissioner, in her motion for remand, asserted that a physician's opinion should be reevaluated, and if necessary, supplemental vocational expert testimony should be obtained). Moreover, Plaintiff has not rebutted Defendant's showing of "good cause" or stated any sound reason to otherwise establish that Defendant is not entitled to a remand pursuant to sentence six of 42 U.S.C. § 405(g).

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the Commissioner's motion to remand (Doc. 15) be **GRANTED**.

2      That this cause be **REMANDED** to the Commissioner of the Social Security Administration pursuant to sentence six of 42 U.S.C. § 405(g) for further administrative proceedings in accordance with this Report and Recommendation. As the court retains jurisdiction of this case during the period of remand, judgment should not be entered at this time.

3.      That the Commissioner be required to advise the court of the status of these proceedings **SIXTY (60) DAYS** from the date an order adopting this Report and Recommendation is entered, if such an order is entered, and every forty-five (45) days thereafter.

4.      That the clerk be directed to administratively close this file.

At Pensacola, Florida this 6<u>th</u>day of January 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**